Mr. Chief Justice Sharkey
delivered the opinion of the court.
The defendant in error brought this action, to recover damages for the infringement or disturbance of a right to keep a toll bridge, which, had been originally granted by the legislature to, Ira N. Nash, under whom the defendant in- error claims. The tortious act complained of was committed by the plaintiff in error, by erecting another bridge over the same stream within the *513 distance prohibited by the legislature, by which custom was diverted from the bridge of the defendant'in error. ■'
■ Several questions are presented by bills of exceptions taken at the trial. By the first, it appears that a witness' was introduced, who proved, that Blewett had possession of the toll bridge and received tolls at the time laid in the declaration. ' And by this bill of exceptions, it also appears that no other than parol evidence was offered to. prove the plaintiff’s right, except the act of the legislature granting to Nash the right to keep a bridge. This testimony was objected to as insufficient; und it is now insisted that a grant was necessary fo pass the right from Nash to Blewett, and that such grant should have' been introduced on the trial to enable the plaintiff to sustain his action.
Blewett,it seems, proved that the bridge was authorized by act of the legislature. The right therefore originated and existed by grant. He also proved possession in himself. And this, it seems on authority, is sufficient to enable the plaintiff to sustain an action for the disturbance of a franchise which is shown to have a legal existence. This point was expressly so decided in the case of Peter v. Kendal, 6 Barn, and Cress. 703; and this case is cited with approbation, as establishing the rule, in the 2d volume of Saunders on Pleading and Evidence, 68S. It does not, however? standalone; The same question, it seems, was involved in the case of Trotter v. Harris, cited in 3 Harrison’s Index, 2173, and was decided .in 'the same way. We have not seen a full report of the case; but the editor’s note is full-to the point.' The question, in both of these cases, arose in relation to ferries. It is not easy to distinguish between the right to keep a ferry and the right to keep a bridge! These' decisions are, therefore, precedents in point. . ' ■
But in addition to this, it appears by the second bill’of exceptions, that the plaintiff also ■introduced, in evidence a deed in fee simple to himself, from Nash, for the land on which the bridge stands, with the appurtenances. Although this evidence is not mentioned in the'first bill of exceptions, it is nevertheless a part of the case' before us, so far as to show that a deed was introduced. On the sufficiency or extent of. the deed, we cannot determine, as it is not before us. It is stated to have been a deed *514 for the land and appurtenances,- and 'we must therefore consider of it as a sufficient deed. The grant to Nash was not personal, or in gross merely; but it was a grant authorizing him to erect a bridge at a particular- place on a certain highway; and whether strictly appurtenant to the freehold or not, it is at least so far appurtenant as to be confined to the place designated by the legislature. Public convenience was the consideration for the grant.
In this it differs from the cases cited by the counsel for defendant in error. They were mere easements, or private rights, which passed by deed, under, the title “appurtenances,” unless there was an exception in the grant.
Although ’there is force in the' position that Nash’s right passed by the deed, yet we do not. deem it necessary to go thus far. This is an action- on the case, which does not involve strength of title-merely. The plaintiff below has’ shown .thelegal existence of the right, for the disturbance of which he claims damages. He has also shown a deed for the freehold> and his own possession. And this, we think, is'sufficient evidence of title to entitle him to his action.
By the second bill of exceptions, it appears that the, defendant offered a receipt for a year’s ferriage over the same stream, given by the pláintiff. This was ruled out. It ’is probable that this receipt was .offered for the purpose of proving that the bridge had been abandoned, and a ferry established. This bill of exceptions is so drawn as not to show the object with certainty; and to constitute, error in ruling out testimony, its relevancy must appear. If it was designed as we have supposed, then it was but (cumulative, and the’ defendant had the benefit of a witness’ testimony to the same point.. The witness proved that before the date of the receipt, and until the 7th of September, the plaintiff had-permitted the bridge to go down, and put a ferry in its stead. The receipt itself was certainly not stronger than this testimony. And on this showing, the court charged the jury, that if they believed from the evidence the bridge was abandoned, and a ferry substituted, the franchise -was thereby lostbut if the bridge was merely taken away to erect a new one, then the plaintiff’s right to recover was not impaired. The charge of the court was unobjectionable. And it is impossible to conceive how the receipt *515 could have made the case stronger, unconnected as it is with any other testimony on the part of the defendant; and if he had other testimony to aid the receipt, it should .have been shown by the bill of exceptions. We have nothing before us on which it can be fairly insisted that the franchise was abandoned, except the above mentioned facts; and they seem to have been considered both by the court and jury. Any opinion on that subject is uncalled for by the state of the case.
The third bill of exceptions contains an objection “ to any evidence being introduced to show repeated acts of trespass.” It would appear that evidence had been introduced to prove the diversion of custom from - the plaintiff’s bridge on several different days; and the court held that this might be done in aggravation of the damages. This action is case, not trespass; and.the rule of law in relation to repeated acts of trespass has no application. The plaintiff’s right was violated by the erection of the bridge within the distance prohibited, by which custom was drawn off. It was altogether competent to show the extent of the injury, by showing how many persons had crossed at the rival bridge. The declaration does not complain of a particular time or .act of diversion; and it was competent for the plaintiff to prove his damage by the amount of .custom which had been drawn off.
- - The last bill of exceptions contains nine points, on which the court was requested to charge the jury by the defendant’s counsel. Most of them are covered by the remarks already made, as they are the same questions which were raised in the preceding exceptions. Such as are not noticed are mere abstract questions of law, having no bearing on the cáse as exhibited by the record.
The judgment mustbe affirmed.
Judge TueNeb. concurred.
Judge Tkottee having been concerned as counsel for the defendant in error, gave no opinion.